[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2006
THOMAS K. KAHN
CLERK

No. 05-16274
Non-Argument Calendar
_____

D. C. Docket No. 05-00130-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MADDOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 19, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John Lee Maddox appeals the 84-month prison sentence the district court

imposed following his plea of guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Maddox contends that the sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing set out in 18 U.S.C. § 3553(a). He suggests that a prison sentence within the Guidelines sentence range of 51 to 63 months, which he believes the court should have adopted, would be reasonable, especially in light of these facts: (1) although his possession of the firearm was illegal, he needed the gun to protect himself; (2) as the presentence investigation report indicates, he endured physical and emotional abuse as a child which resulted in his running away at age 15 – the age when his problems with drugs commenced.

In determining whether a sentence is unreasonable, we are mindful that "[a]fter the district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence" than the sentence prescribed by that range. United States v. Winingear, 422 F.3d 1241, 1244-1245 (11th Cir. 2005) (internal quotations omitted). The district court is guided by the factors set forth in § 3553(a). Id. at 1246. These factors include the available sentences, applicable guideline range, nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense and needed medical care. 18 U.S.C. §

3553(a).

We conclude that the challenged sentence is not unreasonable. The sentence is within the applicable Guidelines range of 77 to 96 months imprisonment, is less than the maximum prescribed by statute, and takes into consideration, among other things, Maddox's criminal history and characteristics, and the need for the sentence to provide adequate deterrence and protect the public.

**AFFIRMED.**